The STATE ex rel. CRENSHAW, Appellant,

v.

TATMAN, Appellee.

[Cite as *State ex rel. Crenshaw v. Tatman* (1991), 73 Ohio App.3d 601.]

Court of Appeals of Ohio,
Ross County.

No. 1682.

Decided June 19, 1991.

*Donald Crenshaw, pro se.*

*Lee I. Fisher,*[1] Attorney General, and *Samuel N. Lillard,* Assistant Attorney General, for appellee.

---

*Per Curiam.*

This is an appeal from a judgment entered by the Ross County Court of Common Pleas, dismissing the motion of Donald Crenshaw, relator-appellant, to cite Karen S. Tatman,[2] Chillicothe Correctional Institute ("CCI") Records Clerk, for contempt for failing to properly recalculate appellant's parole eligibility date.

Appellant assigns the following errors:

"1. The trial court erred to the prejudice of the relator-appellant in overruling his motion for contempt.

"2. The trial court erred to the prejudice of the relator-appellant by not computing his sentence time according to statutory definitions and regulations of the Ohio Department of Corrections as controlling authority and law.

"3. The trial court erred to the prejudice of the relator-appellant by not resolving all ambiguities within the sentencing procedure of the appellant in his favor as a matter of law."

On May 26, 1969, the United States District Court for the Southern District of Ohio, Western Division, entered a judgment convicting appellant of four counts of interstate transportation of falsely made securities, and sentenced him to what amounted to a definite sentence of fifteen years in federal prison. On October 4, 1977, appellant was released on parole from his federal sentence with slightly over seven years remaining to be served on that sentence. In November 1980, appellant was indicted on thirteen separate felony counts by a Hamilton County, Ohio Grand Jury, and on December 8, 1980, he was returned to federal prison for violating his federal parole.

On July 1, 1981, the Hamilton County Court of Common Pleas entered a judgment finding him guilty of several crimes and sentenced him to an indeterminate sentence of eighteen to sixty-five years in jail. On February 15, 1985, appellant was released from federal prison after serving his federal sentence, with his certificate of mandatory release noting that appellant had been given one thousand thirty-eight days in good time deductions from his

---

1. Pursuant to Civ.R. 25(D)(1), Lee I. Fisher is substituted for former Ohio Attorney General Anthony J. Celebrezze, Jr.

2. Upon motion of appellant, the trial court by an entry dated November 7, 1989 substituted Tatman for Mary McKee, the former CCI records clerk.

fifteen-year sentence. Appellant was transported to Ohio to serve his 1981 Ohio sentence.

In 1987, appellant filed a petition for a writ of mandamus, which attempted to compel a former CCI records clerk to amend his parole eligibility date to reflect a calculation based upon his 1981 conviction date. The trial court dismissed the petition pursuant to Civ.R. 12(B)(6) and appellant appealed the dismissal to this court, arguing that his Ohio sentence should have run concurrently with his federal sentence. In *Crenshaw v. McKee* (June 29, 1988), Ross App. No. 1399, unreported, 1988 WL 69115, this court affirmed the trial court's dismissal, holding that R.C. 2929.41(B)(3) applied so as to require that appellant's state sentence be served consecutively to his federal sentence. However, this court subsequently granted appellant's application for reconsideration, remanding the case to the trial court to apply R.C. 2929.41(C)(2) in recalculating appellant's parole eligibility date. *Crenshaw v. McKee* (Oct. 29, 1988), Ross App. No. 1399, unreported, 1988 WL 69115.

On March 1, 1988, the trial court entered a judgment granting appellant's writ of mandamus in part and ordering the Ohio Adult Parole Authority to recalculate appellant's parole eligibility date by consistently applying both R.C. 2929.41(B)(3) and 2929.41(C)(2). Appellant's parole eligibility date was ultimately determined not to be reduced and it was found to be August 1994. On October 3, 1989, appellant filed a motion to find appellee in contempt of the trial court's March 1, 1988 entry and, following a hearing, the trial court dismissed the contempt motion on April 13, 1990.

Appellant's three assignments of error raise similar issues of law and will be considered jointly. The essential issue posited for review in the instant case is whether the trial court erred in determining that the Ohio Adult Parole Authority had properly calculated appellant's parole eligibility date. This, in turn, involves an interpretation of R.C. 2929.41. Contrary to appellee's assertions, the present version of R.C. 2929.41 is not applicable herein. Indeed, the version of R.C. 2929.41 in effect in 1980, when appellant was arrested and charged in Ohio, controls. See Am.H.B. No. 202 (137 Ohio Laws, Part II, 2044).

We note that the issue with respect to whether the sentences run consecutively has been decided in our first *Crenshaw* opinion and is thus *res judicata*. However, we initially examine the statutory framework as part of our analysis in the instant case. R.C. 2929.41(A) provides that a sentence is to run concurrently with a sentence from another jurisdiction unless it falls within one of the exceptions listed in R.C. 2929.41(B). In the case at bar, appellant's 1981 Ohio sentence does fall within one of those exceptions, *i.e.*, R.C. 2929.-41(B)(3), which provides as follows:

"A sentence of imprisonment shall be served consecutively to any other sentence of imprisonment, in the following cases:

" * * *

"(3) When it is imposed for a new felony committed by a probationer, parolee, or escapee."

Accordingly, appellant's state sentence would run consecutively to his federal sentence since it was imposed for new felonies committed while he was a federal parolee. However, the main issue is the determination of appellant's aggregate minimum sentence. R.C. 2929.41(C) provides, in pertinent part, as follows:

"Subject to the maximums provided in division (E) of this section:

" * * *

"(2) When consecutive sentences of imprisonment are imposed for felony under division (B)(2) or (3) of this section, the minimum term to be served is the aggregate of the consecutive minimum terms imposed reduced by the time already served on any such minimum term, and the maximum term imposed is the aggregate of the consecutive maximum terms imposed."

Apparently, appellant's federal sentence was definite in nature rather than indeterminate; therefore, the "minimum" term would be the entire fifteen years. Adding the fifteen-year federal "minimum" term to the eighteen-year state minimum sentence results in a thirty-three-year aggregate minimum term. However, pursuant to R.C. 2929.41(C)(2), appellant also must be given credit for that portion of the federal sentence he had served as of 1981, the date he was sentenced in Ohio. At the time, appellant had served roughly nine years on his federal sentence. Reducing his thirty-three-year aggregate minimum by this amount, appellant was left with twenty-four years. Pursuant to R.C. 2929.41(E), this amount would then be limited to fifteen years as a minimum sentence from the time of his 1981 sentencing.

Under the foregoing analysis, the fact that a person is a probationer, parolee, or escapee could only enhance that person's minimum sentence and not reduce it. Appellant's analysis, on the other hand, would reduce a person's sentence in many circumstances if that person was a probationer, parolee, or escapee. Appellant's analysis is, however, flawed. Instead of aggregating the minimum sentences and reducing that aggregate for the portion of any minimum sentence already served *before* subjecting the aggregate minimum to the limits of R.C. 2929.41(E), appellant aggregates the minimum sentence, applies the limits of R.C. 2929.41(E), and then reduces that fifteen-year minimum by time already served. It is axiomatic that in statutory construction, the General Assembly intended a just result feasible of

execution. R.C. 1.47. In the case at bar, if appellant's construction of R.C. 2929.41(C) and (E) prevailed, once a parolee had served the fifteen years of the minimum sentence, he would never again have to serve time before being eligible for parole, even if he were paroled from his first sentence with only a month left on a fifteen-year minimum, and committed a felony while on parole; *i.e.*, the fact that the person was on parole would indicate that he would essentially go unpunished for a crime committed while on parole. Surely the General Assembly did not intend such an absurd result.

 "Contempt of court" is defined as disobedience of an order of a court; it is conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions. *Denovchek v. Bd. of Trumbull Cty. Commrs.* (1988), 36 Ohio St.3d 14, 15, 520 N.E.2d 1362, 1363. As noted by appellant, proof of a purposeful, willing or intentional violation of a court order is not a prerequisite to a finding of contempt. *Pugh v. Pugh* (1984), 15 Ohio St.3d 136, 15 OBR 285, 472 N.E.2d 1085, paragraph one of the syllabus. In the case at bar, we discern no violation of the court's order or error in the Ohio Adult Parole Authority's calculation of appellant's parole eligibility date. Furthermore, we note that appellant never named OAPA as a party to the suit, choosing instead to sue the CCI records clerk, who had no authority to calculate appellant's parole eligibility date. Finally, to the extent that appellant contends that other statutory provisions apply and that the case was based on "ambiguous records," we find such contentions to be without merit. Accordingly, for the foregoing reasons, appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STEPHENSON, P.J., and HARSHA, J., concur.

GREY, J., dissents.

GREY, Judge, dissenting.

I respectfully dissent.

Crenshaw was convicted on a federal charge in 1968 and sentenced to fifteen years. After about ten or eleven years he was released on federal parole. In 1980, he was charged with several crimes in Ohio, declared a parole violator, and sent back to federal prison. In 1981, he asked to be tried on the Ohio charges, was convicted, and sentenced to an aggregate eighteen to sixty-five years. When he completed his federal sentence around 1984, he was sent to Ohio to do his Ohio time.

In 1989, he brought a mandamus against the Parole Board, claiming that they should not have made his Ohio sentence consecutive to the federal sentence. He argued that R.C. 2929.41, which says that any sentence imposed for a crime committed while the defendant is on parole must be served consecutively, applies only to state offenses. We rejected that and held that the statute applied to both federal and state parole.

Crenshaw then filed a motion to reconsider and argued that if the federal sentence is included for sentencing purposes under R.C. 2929.41(A)(3), then it must also be included for calculating his parole eligibility date under R.C. 2929.41(C) and (E). We agreed and sent the case back to have the Ohio Adult Parole Authority re-calculate his time.

R.C. 2929.41(A) says that an Ohio sentence shall be concurrent with the sentence from any other jurisdiction, state or federal, unless it fits within the exceptions in R.C. 2929.41(B). R.C. 2929.41(B)(3) says the Ohio sentence shall be consecutive with any other sentence if committed while on parole.

R.C. 2929.41(C) begins by saying that, "Subject to the maximums provided in division (E) of the section * * *."

R.C. 2929.41(E) says when a defendant gets multiple sentences with an aggregate minimum term of more than fifteen years the maximum/minimum shall be fifteen years. Thus, Crenshaw's eighteen to sixty-five-year Ohio sentence must be reduced to a maximum/minimum of fifteen years. This is what the OAPA did, and then calculated his parole eligibility at about ten years, or around 1994.

R.C. 2929.41(C) says:

"(2) When consecutive sentences of imprisonment are imposed for felony under division (B)(2) or (3) of this section, the minimum term to be served is the aggregate of the consecutive minimum terms imposed reduced by the time already served on any such minimum term, and the maximum term imposed is the aggregate of the consecutive maximum terms imposed."

According to the OAPA, the minimum term for Crenshaw under this section should be computed as follows:

 15 years federal time

+ 15 years state time

 30 years total

− 15 years time already served

 15 years, or about 10 years to parole date

According to Crenshaw's calculation and using the entire language of the statute, here is how the time should be:

1. Aggregate consecutive minimum terms,

 15 years federal time

+ 18 years state time

 33 years total

− 18 years as per reduction under R.C. 2929.41(E)

 15 years

− 15 years less time already served

 0

Thus, it appears that Crenshaw was eligible for parole on the very day he arrived to begin his Ohio sentence. It seems to me we have one of those situations where this may not be what the legislature intended. The problem here is not what the legislature intended, but what it said.

No doubt the facts here lead to an odd result, but another set of facts would lead to just as odd a result. For example, suppose identical defendants were convicted and got identical ten-year sentences. Suppose one got probation and the other was paroled after serving five years. If both were then again convicted and got another ten years, the probationer would have two ten-year minimums and thus under R.C. 2929.41(E) be eligible for parole in fifteen years. The parolee would have two ten-year minimums and under the majority's interpretation would have the five years subtracted first. Thus, he too would be eligible for parole after fifteen years. Under my interpretation, he would get twenty reduced to fifteen under R.C. 2929.41(E) and then be given five years' credit for time served and be eligible after ten years.

The problem as I see it is that all of the sentences imposed under R.C. 2929.41(C) are "Subject to the maximums provided in division (E) of this section * * *." It has been held that R.C. 2929.41(E) is self-executing, *State v. Slider* (1980), 70 Ohio App.2d 283, 24 O.O.3d 387, 437 N.E.2d 5, automatically operating to reduce the maximum/minimum to fifteen years.

The language of the statute is that *all* sentences imposed under R.C. 2929.41(C) are reduced to the maximums of R.C. 2929.41(E), and then *some* of the sentences under R.C. 2929.41(C) are further reduced by the time already served. I don't see how this language is open to any other construction. The majority opinion suggests that the time served is subtracted out first, but there is no reason why it should be done that way, and a very good reason for not doing it that way—*i.e.*, this interpretation actually does away with credit for time served in many cases.

What has happened here is that there is an anomaly because Crenshaw had no minimum federal term and actually did fifteen years on it which is, of course, the maximum under R.C. 2929.41(E). That he would be eligible for parole looks odd. On the other hand, we cannot construe that statute to say that whenever the multiple sentences exceed the R.C. 2929.41(E) fifteen-year limit, the prisoner is not entitled to any credit for the time he has already served. We cannot ignore the statutory language that says a prisoner must be given credit for time served.

In other words, if Crenshaw had not served a day of federal time, he would, under the other interpretation, have the same parole date. This is, to my mind, just as anomalous a result. This too is hardly what the legislature intended.

I think we should remember that this is not our doing. The statute reads as the legislature wanted it to read. If it is to be changed to eliminate these odd results, let the legislature make the changes. We ought not go out on a limb and read the statute to say what we think the legislature meant, and by doing so risk eliminating credit for time served which the legislature itself has said is mandatory.

I also think we should remember how we got into this bind. We held that his federal sentence had to be included for sentence enhancement purposes under R.C. 2929.41(C) even though federal sentences are not specifically mentioned. Now we are holding that it may not be included for credit-for-time-served purposes under R.C. 2929.41(C) even though that credit is specifically mentioned in the statute. Where is the consistency in our decisions?

Crenshaw found a loophole in Ohio's sentencing law. The majority is amending the law to close that loophole. That is not our job.

Thus, I dissent.