YONKINGS, Appellee,

v.

WILKINSON et al., Appellants.

[Cite as *Yonkings v. Wilkinson* (1996), 110 Ohio App.3d 319.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 95APE07–904.

Decided Feb. 22, 1996.

*David H. Bodiker,* Ohio Public Defender, and *Thomas R. Wetterer, Jr.,* Assistant Public Defender, for appellee.

*Betty D. Montgomery,* Attorney General, and *William J. McGinnis,* Assistant Attorney General, for appellants Reginald Wilkinson, the Joint Committee on Agency Rule Review et al.

BOWMAN, Judge.

Plaintiff-appellee, Charles B. Yonkings, was convicted of eighteen counts of theft, grand theft and passing bad checks. He was sentenced to definite terms of imprisonment totalling twenty-one and one-half years, and an indefinite sentence

of three to fifteen years. Appellee filed an original action in mandamus requesting that his twenty-one-and-one-half-year aggregate definite sentence be corrected to reflect an aggregate definite term of imprisonment of fifteen years pursuant to R.C. 2929.41(E)(2). This court denied the writ, finding that appellee had an adequate remedy by way of declaratory judgment. *State ex rel. Yonkings v. Ohio Dept. of Rehab. & Corr.* (Oct. 28, 1993), Franklin App. No. 93AP–655, unreported, 1993 WL 435190, affirmed (1994), 69 Ohio St.3d 70, 630 N.E.2d 365.

Appellee then filed this action in the Franklin County Court of Common Pleas, seeking a declaratory judgment that the self-executing provision of R.C. 2929.41(E)(2) be applied to his sentence to limit the sentence to fifteen years, and that Ohio Adm.Code 5120–2–03 is invalid because it is inconsistent with R.C. 2929.41(E)(2). Both parties sought summary judgment. The trial court granted appellee's motion for summary judgment. Appellants have raised the following assignments of error:

"I. In its decision of February 16, 1995 granting plaintiff's motion for summary judgment * * *, and *Nunc Pro Tunc* Judgment Entry filed on June 13, 1995 * * *, the trial court erred in interpreting R.C. 2929.41(E)(2) as applying to both definite and indefinite sentences.

"II. The court below erred when it granted summary judgment to Mr. Yonkings * * * since he clearly failed to meet the standard set forth by that court * * *."

By the first assignment of error, appellants contend that the trial court erred in interpreting R.C. 2929.41(E)(2) as applying to both definite and indefinite sentences. R.C. 2929.41(E)(2) provides:

"Consecutive terms of imprisonment imposed shall not exceed:

" * * *

"(2) An aggregate minimum term of fifteen years * * * when the consecutive terms imposed are for felonies other than aggravated murder or murder[.]"

Appellants contend that R.C. 2929.41(E)(2) pertains only to indefinite sentences as reflected in Ohio Adm.Code 5120–2–03(H), which provides: "There shall be no limit to the aggregate of definite sentences imposed for felonies."

This court stated in our earlier decision in *Yonkings, supra,* at 4, that "[t]he statute itself makes no distinction between indefinite and definite terms of imprisonment." Appellants argue that the statute cannot apply to definite terms of imprisonment because it applies only to minimum terms and definite terms contain no minimum term. However, in *State ex rel. Crenshaw v. Tatman* (1991), 73 Ohio App.3d 601, 604, 598 N.E.2d 91, 92–93, the court stated that a minimum term in a determinate sentence is the entire determinate sentence.

The language of the statute is clear and unambiguous and, therefore, we must give effect to the words that were used. *State v. Elam* (1994), 68 Ohio St.3d 585, 587, 629 N.E.2d 442, 444. In *State v. Mora* (Mar. 6, 1991), Wayne App. No. 2579, unreported, 1991 WL 35145, motion for leave to appeal overruled in (1991), 61 Ohio St.3d 1419, 574 N.E.2d 1090, that court stated:

"[I]t is clear that the fifteen-year limitation on aggregate minimum terms applies to all consecutive terms imposed, whether for definite or indefinite terms, or for combinations thereof. See *State v. Slider* (1980), 70 Ohio App.2d 283, 288 [24 O.O.3d 387, 390, 437 N.E.2d 5, 9–10]; *State v. McCool* (1988), 46 Ohio App.3d 1, 3 [544 N.E.2d 933, 935–936] * * *."

Thus, R.C. 2929.41(E)(2) applies to definite terms of imprisonment and the trial court did not err in so finding. Appellants' first assignment of error is not well taken.

By the second assignment of error, appellants contend that the trial court erred when it granted summary judgment to appellee, since he clearly failed to meet the standard set forth by that court. The standard for summary judgment is set forth in Civ.R. 56. Summary judgment is proper when the trial court, construing the facts in a light most favorable to the nonmoving party, determines there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. A genuine issue of material fact exists unless it is clear that reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion is made. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150, 151, 66 O.O.2d 311, 311–312, 309 N.E.2d 924, 925. In this case, the issue involved was one of law and no dispute as to material facts existed. The trial court properly granted appellee's motion for summary judgment, and appellants' second assignment of error is not well taken.

For the foregoing reasons, appellants' two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

LAZARUS and McCORMAC, JJ., concur.

JOHN W. McCORMAC, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.