Defendant-appellant, Joseph T. Raney, appeals from a portion of a final judgment and divorce decree finding him in contempt and suspending visitation until he submits to court ordered drug testing. We affirm.
Plaintiff-appellee, Rebecca Raney, filed for divorce on June 19, 1997. The parties' daughter, Adrianna Raney, was born on July 11, 1997. The trial court initially granted an ex parte
order prohibiting visitation by appellant. In September 1997, a magistrate issued a standard order of visitation. On December 1, 1997, the trial court found that it would be in Adrianna's best interest for appellant to exercise reasonable visitation rights. The court found that it was also in her best interest that such visitation be supervised by a third party.
At the final hearing on the parties' divorce, extensive testimony was taken concerning whether appellant's older son presented a danger to Adrianna. Appellee also testified that appellant had used drugs, including marijuana, cocaine and LSD, during the course of their marriage. Appellee stated that he had not used illegal drugs since a prior appearance in court on October 31, 1997. He further acknowledged that his hair was at least one inch long. The parties had apparently discussed the issue of drug testing in chambers.[1] Appellee had voluntarily agreed to undergo drug testing and the results had been submitted to the court. She also agreed to pay for appellant's testing. At the conclusion of the hearing, the court made the following statement:
 THE COURT: Okay. Mr. Raney, the best way to put this drug claim to rest is for you to go ahead and submit to this one last test and if it doesn't show any positive results then I have no reason to continue to require you to do this unless there is some new evidence that arises. So, by Friday of this week I want you to make contact with the laboratory that Mr. Ruppert has arranged with over in Franklin. You have that done no later than Friday of this week. Submit whatever samples they want. This is not going to hurt you physically. They need some samples of your hair and we'll then know if you pose a current problem because you are a drug user.
 The visitation will continue on a supervised basis until I have those tests; however, if those tests prove to be negative I've heard nothing today that persuades me that supervised visitation is warranted other than allegations of drug abuse. * * * Using drugs is something that would very much concern me and if you've been abusing drugs, sir, you can expect to have supervised visitation for a long time.
Appellant raised no objection or questions regarding the testing. He asked if the court would object if he could find a laboratory able to perform the same tests faster. Appellee's counsel objected to the use of a different laboratory because his board certified forensic expert had recommended the particular laboratory concerned. The court stated that appellant could also use a different laboratory at his own expense if he wished. The court noted that hair sampling was a noninvasive procedure, and if two tests were done "we can have dueling experts if need be." The court also stated that "if you convince me that there is something defective about their testing procedure, that's what we'll have another hearing on."
Following this hearing, appellant apparently became concerned that hair sampling was not reliable. Although the record is not clear on exact dates, it appears that appellant eventually arrived at the drug testing laboratory with hair so short as to interfere with the validity of the test. On March 18, 1998, the trial court ordered appellant to submit himself to the laboratory by April 1, 1998, and to provide "whatever samples the laboratory deems appropriate and necessary in order to provide the court with a report as to drug usage [by appellant] within the past six month calendar period."
Appellant moved to vacate the order for additional testing. He argued that the test was unreliable, citing to various government studies. He also argued that requiring him to submit to such testing in order to receive visitation rights was unconstitutional.
The trial court then sua sponte ordered appellant to show cause why he should not be held in contempt for refusal to comply with the court's order to submit to drug testing. At a contempt hearing on April 23, 1998, appellant relied on his written materials and blamed his wife for interference with his visitation rights. The court noted that appellant had testified that he had not used drugs for a period of time and that the court had ordered testing to corroborate this. The court further noted that appellant's hair was "far shorter" than it had been at the divorce hearing. The court also reiterated that appellant was free to contest the reliability of the testing, but no evidence on that matter had yet been presented. The court found that appellant was in contempt of court for failing to abide by the court's March 18 order. The contempt order was incorporated into the final judgment and divorce decree, as follows:
 Based on the Defendant's willful violation of the Court order to secure the necessary drug testing, all visitation with the minor child, Adrianna Marie Raney, is hereby suspended until further Order of this Court. Further, that such suspension shall continue in effect until the Defendant has submitted himself for drug testing covering the six months preceding such testing.
 The Defendant may purge himself of this contempt order by submitting to the drug testing as previously ordered and providing proof to this Court.
Appellant presents three assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING THE APPELLANT TO SUBMIT TO HAIR SAMPLE TESTING.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN SUSPENDING A PARENT'S VISITATION PRIVILEGES WITH A MINOR CHILD AS A SANCTION FOR CONTEMPT OF COURT FOR FAILING TO SUBMIT TO HAIR SAMPLE TESTING.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED IN ORDERING VISITATION TO BE SUPERVISED
In his first assignment of error, appellant argues that the order to submit to hair sample testing was improper because the procedure is unproven and scientifically invalid. He also argues that requiring such testing is unconstitutional.
Appellant did not initially object to the court's order regarding hair sample drug testing. Appellant even intimated that he might seek to have the test done at a laboratory which could provide quicker results. The court acknowledged his right to undergo independent additional testing, and further noted that should there be any objection to the validity of the testing procedure evidence on that issue could be heard at the appropriate time. Appellant had admitted at a prior hearing to past drug use. Appellee had testified that appellant had told her he would "clean up" for court hearings and then resume drug usage. The court therefore ordered drug testing, but never foreclosed appellant's right to contest the validity of the test results. Appellant has not presented expert testimony concerning the reliability of hair sampling, and the trial court has not ruled on that matter. Appellant's challenge to the reliability of the test on appeal is therefore premature.
We also find that appellant's challenge to the constitutionality of the testing order is not well-taken. The trial court ordered drug testing due to appropriate concern for the best interest of the infant. Drug testing may be ordered or agreed to when the best interest of a child is at stake. See,e.g., Stutz v. Stutz (June 28, 1989), Wayne App. No. 2433, unreported; Fish v. Fish (Sept. 30, 1996), Trumbull App. No. 95-T-5377, unreported. Appellant's citation to Chandler v.Miller (1997), ___ U.S. ___, 117 S.Ct. 1295 is inapposite. InChandler, the Supreme Court struck down blanket testing of all state office candidates. The Court noted, however, that the state lacked "individualized suspicion." Here, the trial court had appellee's testimony as well as appellant's admissions of prior drug use to support an individualized suspicion warranting further inquiry. Under these circumstances, we cannot find that the court abused its discretion. Appellant's first assignment of error is overruled.
In his second assignment of error, appellant argues that a trial court is without authority to suspend visitation privileges as a sanction for contempt of court.
Contempt is a disregard of, or disobedience to, an order or command of judicial authority. State v. Flinn (1982), 7 Ohio App.3d 294. The Supreme Court of Ohio has consistently recognized that certain powers necessary for orderly and efficient exercise of justice are inherent in a court. Zakanyv. Zakany (1984), 9 Ohio St.3d 192. Such inherent power includes the authority to punish the disobedience of the court's orders with contempt proceedings. Harris v. Harris
(1979), 58 Ohio St.2d 303, 307. A sanction for civil contempt must allow the contemnor an opportunity to purge himself or herself of contempt. In re Purola (1991), 73 Ohio App.3d 606.
The trial court ordered appellant to submit to drug testing out of concern for the best interest of his child. Appellant chose to disregard that order. Visitation is a natural right which should be denied only under extraordinary circumstances.Johntonny v. Malliski (1990), 67 Ohio App.3d 709. Furthermore, custody should ordinarily not be used as a sanction for contempt. Truitt v. Truitt. However, the Supreme Court of Ohio has stated that a court's discretion in visitation is broader than in custody matters. State ex rel. Scordato v. George
(1981), 65 Ohio St.2d 128. Appellant's visitation has not been permanently denied as a contempt sanction. Such an order would have been an abuse of discretion. Appellant can readily purge himself of contempt by submitting for testing. The trial court has indicated awareness of the importance of the father-child bond and has stated that appellant can have visitation reinstated very quickly by compliance with the court's order.
Appellant's contempt could also have been addressed by a conditional fine or jail sentence; suspending visitation may not have been the most appropriate sanction. However, we review a trial court's contempt determinations under the abuse of discretion standard and cannot reverse unless the court abused its discretion. State ex rel. Ventrone v. Birkel (1981),65 Ohio St.2d 10, 19. Abuse of discretion consists of more than an error of judgment; it connotes an attitude on the part of the trial court that is unreasonable, unconscionable, or arbitrary.State v. Lessin (1993), 67 Ohio St.3d 487. When applying the abuse of discretion standard of review, we are not free to merely substitute our judgment. Therefore, appellant's second assignment of error is overruled.
In his third assignment of error, appellant argues that the trial court erred by ordering that his visitation be supervised. An appellate court reviews a trial court's determination of visitation rights under an abuse of discretion standard. Booth v. Booth (1989), 44 Ohio St.3d 142, 144. A trial court contemplates the best interests of the child when it determines visitation rights. In re Whaley (1993), 86 Ohio App.3d 304,317. R.C. 3109.051(D) sets forth factors that a trial court shall consider when determining visitation matters, including:
 (1) The prior interaction and interrelationships of the child with his parents, siblings and other persons * * *.
* * *
(4) The age of the child;
* * *
(7) The health and safety of the child;
* * *
(9) The mental and physical health of all parties;
* * *
 (15) Any other factor in the best interest of the child.
Appellant's visitation was initially ordered supervised based on concerns surrounding appellant's older son. Those concerns were addressed at the final divorce hearing, and the trial court found that they did not warrant supervised visitation. Appellee's counsel and the trial court also noted that should appellant test negative for drugs, supervised visitation would no longer be appropriate. Under the current circumstances of suspected drug use, and especially considering the age of the child, supervised visitation is not an abuse of discretion. Appellant's third assignment of error is overruled.
Judgment affirmed.
KOEHLER and WALSH, JJ., concur.
[1] The record indicates that appellant had previously submitted to urinalysis testing which was negative.