This matter presents a timely appeal from a judgment rendered by the Jefferson County Common Pleas Court, finding defendant-appellant, Harry Slentz, Jr., guilty of seven counts of drug trafficking and sentencing him to several definite consecutive terms of incarceration on the seven counts, for an aggregate definite term of sixteen years.
Appellant offered to sell marijuana and cocaine to a special agent on seven different occasions ranging from October 1988 through January 1989. Appellant was ultimately arrested and charged with seven counts of drug trafficking, for which he was found guilty. Appellant was consequently sentenced to a definite term of one and one-half years incarceration for each count one through four; a definite term of two years incarceration for count five; a definite term of three years incarceration for count six; and, a definite term of five years incarceration for count seven. The trial court stated in its journal entry that these sentences were to be served consecutively for an aggregate definite term of sixteen years.
On August 8, 1990, appellant moved for shock probation pursuant to section R.C. 2947.061. However, the trial court denied such motion. On February 14, 1997, appellant moved to reduce his aggregate sentence from a definite term of sixteen years to an indefinite term of one to fifteen years incarceration. The trial court again denied such motion. This appeal followed.
Appellant sets forth two assignments of error on appeal.
Appellant's first assignment of error alleges:
 "Did the court error (sic) when it sentenced the Defendant, Harry Slentz, Jr., to more than fifteen years?"
Appellant argues that the trial court erred in imposing consecutive sentences of incarceration which totaled sixteen years as this violated the fifteen year limitation of R.C. 2929.41. R.C. 2929.41 (E) states, in pertinent part:
 "(E) Consecutive terms of imprisonment imposed shall not exceed:
* * *
 "(2) An aggregate minimum term of fifteen years, plus the sum of all three-year terms of actual incarceration imposed pursuant to section 2929.71
of the Revised Code and the sum of all six-year terms of actual incarceration imposed pursuant to section 2929.72 of the Revised Code, when the consecutive terms imposed are for felonies other than aggravated murder or murder;"
Furthermore, R.C. 2929.41 (E) (2) applies to all consecutive terms of incarceration whether definite or indefinite terms, or a combination of both. Yonkings v. Wilkinson (1996),110 Ohio App.3d 319.
Based upon the fact that appellant's consecutive, aggregate sixteen year sentence exceeded the fifteen year limitation of R.C. 2929.41 (E) (2), and upon the fact that this limitation applies regardless of whether the term is definite or indefinite, the trial court erred in sentencing appellant above the mandated fifteen year limitation of R.C. 2929.41 (E) (2)
Appellant's first assignment of error is found to be with merit.
Appellant's second assignment of error alleges:
 "An aggregate mission (sic minimum) term of fifteen years. . . when the consecutive terms for felonius [sic] other then [sic] aggravated murder or murder."
Appellant next maintains that since the trial court exceeded the statutory limitation of fifteen years incarceration, this court is required to change his sentence.
This case is similar to State v. Giannini (Dec. 11, 1998), Mahoning App. No. 97 C.A. 254, unreported, wherein this court held that the trial court committed reversible error when it sentenced the defendant to a term in excess of the limitation of R.C. 2929.41 (B) (2). In the case at bar, the aggregate term of incarceration which appellant was ordered to serve was sixteen years. As stated in assignment of error one, the trial court erred in rendering appellant's sentence as same violated the mandatory provisions set forth in R.C. 2929.41 (E) (2). For the seven counts upon which appellant was found guilty, he could only be sentenced consecutively to an aggregate term of fifteen years, instead of sixteen years.
Based upon the fact that the trial court committed reversible error in sentencing appellant to an aggregate term of incarceration in excess of fifteen years, appellant's sentence must be changed to comport with the mandatory statutory limits of R.C. 2929.41 (E) (2).
Appellant's second assignment of error is found to be with merit.
The judgment of the trial court with regards to appellant's sentencing is hereby reversed and this matter is remanded to the trial court for proper sentencing in accordance with the dictates of R.C. 2929.41 (E) (2) and consistent with this opinion.
Donofrio, J., concurs.
Vukovich, J., concurs.
APPROVED:
 ______________________________ EDWARD A. COX, PRESIDING JUDGE