[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 225.]

YONKINGS, APPELLANT, *v.* WILKINSON ET AL., APPELLEES.

**[Cite as *Yonkings v. Wilkinson*, 1999-Ohio-98.]**

*Criminal law—Penalties and sentencing—Multiple sentences—Former R.C. 2929.41(E)(2) did not apply to definite sentences.*

(No. 98-1305—Submitted May 25, 1999—Decided August 25, 1999.)

APPEAL from the Court of Appeals for Franklin County, No. 97APE08-1083.

————————————

**{¶ 1}** Charles B. Yonkings, appellant, was convicted in 1990 of multiple counts of theft, grand theft, robbery, and passing bad checks. He was sentenced to multiple definite terms of two years or less each, to be served consecutively, for a total of twenty-one and one-half years.[1] He was also sentenced to an indefinite term of three to fifteen years, to be served concurrently with the definite sentences.

**{¶ 2}** Appellant originally filed a mandamus action against appellees, the Director of the Ohio Department of Rehabilitation and Correction and others, requesting that the total of his definite sentences of twenty-one and one-half years be reduced pursuant to former R.C. 2929.41(E)(2). However, the Court of Appeals for Franklin County denied the writ, finding that appellant had an adequate remedy at law by way of declaratory judgment. *State ex rel. Yonkings v. Ohio Dept. of Rehab. & Corr.* (Oct. 28, 1993), Franklin App. No. 93AP-655, unreported, 1993 WL 435190, affirmed (1994), 69 Ohio St.3d 70, 630 N.E.2d 365. Appellant then proceeded to file a declaratory judgment action against appellees, seeking application of former R.C. 2929.41(E)(2) to limit his consecutive definite terms of

————————————

1. The parties and the lower courts all seem to agree that the total of appellant's consecutive definite sentences is twenty-one and one-half years. The record appears to indicate that the correct total is twenty-four and one-half years. However, since the question is not presented to us, for the sake of consistency, we will adopt the total used by the parties.

imprisonment to fifteen years maximum. The trial court granted summary judgment in appellant's favor and the court of appeals affirmed, holding that the fifteen-year limit on aggregate minimum terms set forth in former R.C. 2929.41(E)(2) applied to definite terms of imprisonment as well as indefinite terms. *Yonkings v. Wilkinson* (1996), 110 Ohio App.3d 319, 674 N.E.2d 388. A discretionary appeal of that decision was not allowed. *Yonkings v. Wilkinson* (1996), 76 Ohio St.3d 1434, 667 N.E.2d 985.

{¶ 3} Because appellees failed to change appellant's sentence in accordance with the trial court's decision, appellant filed a motion for contempt asking the court to enforce its declaration that he had a right to the reduction. In an apparent attempt to comply, appellee then changed appellant's sentence to a term of fifteen to twenty-four and one-half years. The trial court denied appellant's contempt motion, but found that appellant's sentence was still not correct. The trial court reasoned that since appellant's 21.5-year definite sentence was to be served concurrently with a three-to-fifteen-year indefinite sentence, R.C. 2929.41(E)(2) required the minimum terms of three years and 21.5 years to be combined and reduced to fifteen years. That minimum was diminishable by jail time credits and time served. Those credits would also reduce appellant's maximum term. According to the trial court, "[t]he 15 year maximum term from the 3 to 15 year concurrent sentence remains as [appellant's] maximum term. The result is that [appellant] has a 15 year diminishable minimum term and a 15 year maximum sentence." However, the court of appeals reversed the judgment of the trial court and held that the fifteen-year cap in former R.C. 2929.41(E)(2) set a fifteen-year limit on aggregate minimum terms, but did not impose a maximum cap. Accordingly, the court of appeals held that appellant's record should be changed to reflect that he is serving a sentence of fifteen to twenty-one and one-half years.

{¶ 4} The cause is now before this court pursuant to the allowance of a discretionary appeal.

_____

*David H. Bodiker*, Ohio Public Defender, and *Thomas R. Wetterer, Jr.*, Senior Staff Attorney, for appellant.

*Betty D. Montgomery*, Attorney General, and *Brian M. Zets*, Assistant Attorney General, for appellees.

_____

**FRANCIS E. SWEENEY, SR., J.**

{¶ 5} The issue in this case is whether former R.C. 2929.41(E)(2) limited a defendant's total definite sentence to fifteen years where the defendant had been sentenced to consecutive definite sentences in excess of that amount. Both parties in this case have based their arguments on the assumption that former R.C. 2929.41(E)(2) applied to definite terms of imprisonment. However, because we find that former R.C. 2929.41(E)(2) did not apply to definite sentences, we reverse the judgment of the court of appeals.

{¶ 6} When appellant was sentenced, former R.C. 2929.41(E)(2) stated:

"Consecutive terms of imprisonment imposed shall not exceed

" * * *

"(2) An aggregate *minimum* term of fifteen years plus the sum of all three-year terms of actual incarceration imposed pursuant to section 2929.71 of the Revised Code." (Emphasis added.) 142 Ohio Laws, Part I, 1886.

{¶ 7} In *Yonkings v. Wilkinson* (1996), 110 Ohio App.3d 319, 674 N.E.2d 388, the Franklin County Court of Appeals found that former R.C. 2929.41(E)(2) applied to both definite and indefinite terms of imprisonment because the statute's language made no distinction between indefinite and definite terms. Furthermore, the court found that the reference to a "minimum" term in former R.C. 2929.41(E)(2) included definite terms even though such terms have no range defined by a minimum and a maximum because "a minimum term in a determinate sentence is the entire determinate sentence." *Id.* at 320, 674 N.E.2d at 389.

However, we believe that this reasoning is flawed and that the fifteen-year cap imposed by R.C. 2929.41(E)(2) was never meant to apply to definite sentences.

{¶ 8} When construing a statute, this court's paramount concern is the legislative intent in enacting the statute. *State v. S.R.* (1992), 63 Ohio St.3d 590, 594, 589 N.E.2d 1319, 1323. Furthermore, "words must be taken in their usual, normal or customary meaning." *Id.* at 595, 589 N.E.2d at 1323. A "definite" sentence is just what its name implies: a specific number of years of imprisonment rather than a range defined by minimum and maximum terms. Referring to a minimum or maximum term of imprisonment makes sense only when speaking of an indefinite sentence. This was recognized in the 1973 Legislative Service Commission Comment to the original version of R.C. 2929.41: "When consecutive sentences for felony are imposed, the minimum and maximum terms are separately totalled to determine a single minimum and a single maximum. For example, if an offender is sentenced to 2 to 5 years for grand theft and 7 to 25 years for aggravated robbery, the sentence to be served is 9 to 30 years. The total minimum term, however, may not exceed 20 years when one of the sentences is for aggravated murder, and may not exceed 15 years in other cases."

{¶ 9} Confusion arose over former R.C. 2929.41(E)(2) because it did not explicitly state whether it applied to both definite and indefinite sentences. Rather, it stated only that the aggregate "minimum" term of consecutive sentences shall not exceed fifteen years. The court of appeals in this case had previously found that the statute's reference to a minimum term encompassed definite terms. However, we have held that a "cardinal rule" of statutory construction is that all statutes relating to the same general subject matter must be read *in pari materia*. *Cater v. Cleveland* (1998), 83 Ohio St.3d 24, 29, 697 N.E.2d 610, 615. In examining former R.C. 2929.41(E)(2) in relation to R.C. Chapter 2967, regarding pardon, parole, and probation, it becomes evident that the term "minimum" as used in former R.C. 2929.41(E)(2) was meant to apply only to indefinite sentences. For example,

4

former R.C. 2967.13(A) stated that "[a] prisoner serving a sentence of imprisonment for a felony for which an *indefinite* term of imprisonment is imposed becomes eligible for parole at the expiration of his *minimum* term." (Emphasis added.) 142 Ohio Laws, Part III, 5010. Contrast this with former R.C. 2967.13(K), which provided that "[a] prisoner serving a *definite* term of imprisonment for a felony of the third or fourth degree shall be released from imprisonment when he has served *the full term of his definite sentence*." (Emphasis added.) *Id.* at 5011. Furthermore, former R.C. 2967.19, now repealed, which concerned the reduction of sentences for good time, referred to the reduction of a "minimum *or* definite" term of imprisonment. (Emphasis added.) 143 Ohio Laws, Part I, 1483. Likewise, former R.C. 2967.191 stated that the parole authority could reduce "the minimum and maximum sentence *or* the definite sentence" of a prisoner in certain circumstances. (Emphasis added.) 139 Ohio Laws, Part I, 582. Finally, former R.C. 2967.25, now repealed, stated that "[a] person serving several *indeterminate* sentences consecutively becomes eligible for parole upon the expiration of the aggregate of the *minimum* terms of his several sentences diminished as provided in section 2967.19 of the Revised Code." (Emphasis added.) 134 Ohio Laws, Part II, 2006. Throughout R.C. Chapter 2967, the words "minimum" and "maximum" are repeatedly used in referring to indefinite sentences. Nowhere throughout this statutory framework is a definite term referred to in such terminology. When former R.C. 2929.41(E)(2) is read *in pari materia* with these sections, it becomes obvious that the cap on aggregate minimum terms was meant to apply only to indefinite sentences.

{¶ 10} Additionally, we must "construe statutes to avoid unreasonable or absurd results." *State ex rel. Cincinnati Post v. Cincinnati* (1996), 76 Ohio St.3d 540, 543, 668 N.E.2d 903, 906. Appellant's position is that former R.C. 2929.41(E)(2) applied to definite sentences and since a definite sentence contains both a minimum and maximum term, former R.C. 2929.41(E)(2) limited

consecutive sentences totalling more than fifteen years to the maximum of fifteen years. Such an interpretation would result in the automatic release of all defendants at fifteen years regardless of the number or severity of their crimes and would destroy a trial court's discretion in determining whether consecutive sentences beyond fifteen years were appropriate. On the other hand, if we were to affirm the judgment of the court of appeals and hold that former R.C. 2929.41(E)(2) applied to the minimum aspect of a definite sentence, but not the maximum aspect, we would in effect create an indefinite sentence of fifteen to twenty-one and one-half years out of a definite sentence of twenty-one and one-half years. This result would undoubtedly thwart the legislature's intent by converting a definite sentence into a *de facto* indefinite sentence. Under either interpretation, attempting to apply the statute to a definite sentence results in illogical results that were never intended by the General Assembly. Therefore, we disapprove the court of appeals' decision in *Yonkings v. Wilkinson*, 110 Ohio App.3d 319, 674 N.E.2d 388, and find that former R.C. 2929.41(E)(2) did not apply to definite sentences.

{¶ 11} Appellant also argues that the case should be dismissed because a ruling on a contempt motion is not a final appealable order unless there is a finding of contempt and a sanction or penalty has been imposed. See *Chain Bike Corp. v. Spoke 'N Wheel, Inc.* (1979), 64 Ohio App.2d 62, 64, 18 O.O.3d 43, 44, 410 N.E.2d 802, 803. However, the trial court's order did not merely deny appellant's motion to find appellees in contempt. Instead, the judgment entry ordered appellees to correct appellant's record regarding his sentence. An order is a final appealable order if it affects a substantial right and in effect determines the action and prevents a judgment. R.C. 2505.02(B)(1); *Cleveland v. Trzebuckowski* (1999), 85 Ohio St.3d 524, 526, 709 N.E.2d 1148, 1150. In this case, the trial court ordered appellee to correct appellant's sentence, thus affecting a substantial right. The order also determined the action because it answered the only question presented by the action: whether appellant's sentence must be changed in accordance with its order.

Finally, the order prevented a judgment in appellees' favor declaring that former R.C. 2929.41(E)(2) affected only the minimum term of incarceration. Therefore, the denial of the motion of contempt in this case was a final appealable order.

{¶ 12} Based on the foregoing, appellant's sentence should be changed to reflect that he is serving a twenty-one and one-half-year definite sentence.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., DOUGLAS, RESNICK, COOK and LUNDBERG STRATTON, JJ., concur.

PFEIFER, J., dissents, would reverse the judgment of the court of appeals, and would reinstate the judgment of the trial court.

————————————