DECISION AND ENTRY
This appeal is before the court for disposition upon the merits. For the reasons that follow, we conclude that we are without jurisdiction to consider this appeal, for lack of a final appealable order. This problem was brought to the attention of the parties at the oral argument of this appeal on February 28, 2000, and both parties were asked if they wished to file memoranda on the question of whether the order from which this appeal is taken is a final appealable order. Both parties declined.
This appeal was brought by plaintiff-appellant Kenneth Cox against defendant-appellee Greene Memorial Hospital, Inc., in negligence. In his complaint, Cox alleges that Greene Memorial, having assumed his care and treatment, was negligent when it left him unrestrained, with the guardrails on his hospital bed down, and that as a direct and proximate result of that negligence, Cox was injured.
 Subsequently, the Health Care Finance Administration was added as a party plaintiff. HCFA alleged that it had become subrogated to Cox's right of recovery against Greene Memorial, to the extent of certain monies paid by it for Cox's benefit.
Various continuances of the trial date were sought and obtained by Cox and HCFA. The last scheduling order in the case, filed June 25, 1999, set a trial date of August 30, 1999, and a final pretrial conference date of August 5, 1999. It set a discovery deadline of thirty days prior to pretrial, and a deadline for the disclosure of experts of two months prior to the discovery deadline. The result of this order was that the disclosure of experts was required to be made by not later than May 5, 1999, a deadline preceding the date that the order establishing this deadline was entered.
Cox and HCFA disclosed their experts on June 11, 1999. Greene Memorial moved to exclude them. This motion was ultimately granted, excluding all of the expert witnesses that Cox and HCFA proposed to call. In the order of the trial court from which this appeal was taken, the trial court included the following paragraph:
 The Court FINDS that the its [sic] orders concerning discovery the exclusion of plaintiff's expert witnesses and treating physicians affect a substantial right and "in effect determines the action and prevents a judgment." O.R.C. § 2505.02. These are, therefore, final appealable orders.
Cox and HCFA appealed from this order, contending that the trial court erred by excluding their expert witnesses.
R.C. 2505.02(A)(B) provides, in pertinent part, as follows:
 An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment; . . .
The order from which this appeal is taken is an order excluding expert witnesses, entered as a sanction for the failure to comply with the trial court's pre-trial order requiring the disclosure of expert witnesses by a certain date. We recognize that, as a practical matter, the exclusion of the plaintiffs' experts may have doomed their cause of action. However, we are not satisfied that an order excluding testimony, no matter how dire, is a final appealable order. An example of an order that, in effect, determines an action and prevents a judgment may be found in Yonkings v. Wilkinson (1999), 86 Ohio St.3d 225. In that case, the plaintiff, who had been incarcerated as a result of certain criminal convictions, had moved to hold certain officials having responsibility for his incarceration in contempt for their failure to comply with a declaratory judgment that he had obtained concerning the length of his sentence. The trial court denied the contempt motion, but did order the defendant officials to correct the plaintiff's record regarding his sentence. The Supreme Court held this to be a final appealable order, reasoning as follows:
 In this case, the trial court ordered appellee to correct appellant's sentence, thus affecting a substantial right. The order also determined the action because it answered the only question presented by the action: whether appellant's sentence must be changed in accordance with its order. Finally, the order prevented a judgment an appellee's favor declaring that former RC 2929.41(E)(2) affected only the minimum term of incarceration. Therefore, the denial of the motion of contempt in this case was a final appealable order.
 Id., at 229.
In Yonkings, the trial court had answered the only question that was before it. In our case, the question is whether Greene Memorial is liable to the plaintiffs in negligence. Although the plaintiffs' chances of obtaining a favorable answer to that question may have disappeared as a result of the exclusion of their expert witnesses, we cannot say that the question of liability has actually been answered by the trial court.
Another example that comes to mind of an order that in effect determines the action and prevents a judgment would be an order dismissing a cause of action for failure to state a claim upon which relief can be granted, pursuant to Civ.R. 12(B)(6). In that case, no judgment would have been rendered, but the dismissal of the complaint for failure to state a claim upon which relief can be granted would in effect determine the action, and would prevent a judgment upon the complaint.
In the case before us, we understand the trial court's reason for concluding that its order excluding the plaintiff's experts in effect determines the action. Because the plaintiff's theory of recovery is that Greene Memorial breached its standard of care, we understand the present state of the law to require expert testimony concerning the standard of due care for a health care provider. We also understand that the present state of the law would likely require expert testimony on the issue of proximate cause. Of course, litigation sometimes results in changes in the law. It is not inconceivable that this case, were it ultimately to reach the Ohio Supreme Court, might result in a relaxation of the rule requiring expert testimony concerning the proper standard of care for a health care provider, or, for that matter, concerning proximate cause of physical injuries.
We are loathe to open the door to the possibility of piecemeal appeals where litigants are frustrated by orders involving discovery. We conclude that the better reasoning is that an order excluding evidence, no matter how draconian, even though it may, in effect, pre-determine the outcome of an action, does not determine the action.
At oral argument we suggested to the parties that, if we were to dismiss this appeal for lack of a final appealable order, a futile trial could be avoided by the plaintiffs filing a stipulation that they are unable to prove their case without the testimony of the experts who have been excluded. The trial court could then render a judgment in favor of Greene Memorial upon the plaintiffs' complaint, based upon the plaintiffs' stipulation that they are unable, as the result of the trial court's order excluding evidence, to prove their case. This judgment could then be appealed, and the plaintiffs could then assign, as error, the exclusion of the expert witnesses. One advantage of this approach is that there would then be an actual judgment in the trial court. If the outcome of the appeal were be an affirmance, there would then be a final judgment in Greene Memorial's favor upon the plaintiffs' complaint. Otherwise, there would be the possibility, however slight, that the plaintiffs might elect to proceed to trial on their complaint, even after an affirmance of the order excluding the expert witnesses, in the hope of changing the law requiring expert testimony, or in the hope of otherwise being able to procure a favorable judgment.
This situation has an analogy in the criminal law. The State is entitled to appeal from an order suppressing evidence pursuant to Crim.R. 12(J), provided that the State certifies that the order suppressing evidence is fatal to the prosecution. An affirmance of the suppression order then bars prosecution of the defendant for the same offense, pursuant to the final paragraph of Crim.R. 12(J). That provision has the evident purpose of avoiding piecemeal appeals. Similarly, a civil action should not be deemed to be concluded, for purposes of appeal, merely because a ruling excluding evidence has made it overwhelmingly unlikely that the aggrieved party can prevail.
This appeal is hereby DISMISSED for lack of a final appealable order.
SO ORDERED.
GRADY, Presiding Judge, BROGAN, Judge, FAIN, Judge