OPINION
Plaintiff-appellant, Mark Lee Pollock, appeals pro se from a judgment of the Franklin County Court of Common Pleas granting the Civ.R. 56(C) summary judgment motion of defendant-appellee, Ohio Adult Parole Authority ("OAPA"), regarding OAPA's calculation of plaintiff's eligibility date for parole.
Plaintiff is an inmate at the Warren Correctional Institution ("WCI"), sentenced on May 15, 1992 to an indefinite term of fifteen to twenty-five years of imprisonment for one count of aggravated robbery. On that same day, plaintiff was sentenced to a definite term of eighteen months of imprisonment for one count of escape, with the sentence for the escape conviction to run consecutively to the sentence for the aggravated robbery conviction.
According to certifications of the Lucas County sheriff, plaintiff had been held in pretrial confinement in the Lucas County jail: (1) from August 10, 1991 to May 15, 1992, a total of two hundred eighty days, on the aggravated robbery conviction, and (2) from August 21, 1991 to May 14, 1992, a total of two hundred sixty-eight days, on the escape conviction. On May 15, 1992, plaintiff was placed in the custody of the Ohio Department of Rehabilitation and Correction ("department"), and transported from the Lucas County jail to the Corrections Reception Center in Orient, Ohio. According to plaintiff, he was informed during his processing at the Corrections Reception Center he would be eligible for parole in June 2001. In September 1992, plaintiff was transported to WCI (1) to continue serving his sentences for the aggravated robbery and escape convictions, and (2) according to an affidavit of plaintiff submitted in the trial court, to serve a seventeen and one-half to forty-five year sentence for violating his parole for an entirely different offense.
On May 16, 2000, plaintiff filed a complaint for declaratory judgment requesting that the trial court declare him eligible for parole in June 2001 rather than June 2002, the parole eligibility date calculated by a records clerk at WCI on plaintiff's transfer to that facility. After plaintiff filed his complaint, LeAnn Walker-Williams, a records supervisor at WCI, again reviewed plaintiff's parole eligibility date and determined it to be February 24, 2003, with the parole board initially considering plaintiff's parole at its March 2003 meeting.
Following motions by both parties for summary judgment, the trial court granted summary judgment to OAPA, finding that plaintiff's parole eligibility date was correctly calculated by Walker-Williams.
Plaintiff appeals the trial court's adverse judgment, assigning the following errors:
 I. THE TRIAL COURT ERRED IN COMPUTING THE APPELLANT'S JAIL-TIME CREDIT, AND NOT ONLY IMPROPERLY DISREGARDED THE NUMBERS SENT BY THE SENTENCING COURT, BUT IT MISAPPLIED THIS COURT'S PREVIOUS DECISION IN STATE V. CALLENDER.
 II. THE TRIAL COURT ERRED IN COMPUTING THE AMOUNT OF TIME THAT THE APPELLANT MUST SERVE BEFORE BECOMING ELIGIBLE FOR PAROLE, AND NOT ONLY RENDERED A DECISION CONTRARY TO THE PLAIN WORDING OF R.C. 2967.13(F), BUT IT MISAPPLIED THIS COURT'S PREVIOUS DECISION IN MCMEANS V. O.A.P.A.
 III. EVEN IF R.C. 2967.13(F) DID NOT APPLY TO THE APPELLANT'S "ESCAPE" SENTENCE, THE TRIAL COURT ERRED IN FAILING TO APPLY THE PROVISIONS OF THAT STATUTE TO THE APPELLANT'S OTHER SENTENCES.
 IV. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT ON THE BASIS OF LEANN WILLIAMS' AFFIDAVIT, WHEN QUESTIONS OF FACT (CONCERNING THAT TESTIMONY) REMAINED.
Preliminarily, we note plaintiff contends the Franklin County Court of Common Pleas lacked "authority" over this matter because the court that sentenced plaintiff is located in Lucas County. Plaintiff's action in the Franklin County Court of Common Pleas is based on his complaint for declaratory judgment against OAPA, which is located in Franklin County. Accordingly, the Franklin County Court of Common Pleas had jurisdiction and venue to decide these matters. Section 4, Article IV, Ohio Constitution; Civ.R. 3(B).
In his first assignment of error, plaintiff asserts the trial court erred in giving plaintiff only a total of two hundred eighty days jail time credit. Plaintiff contends he is entitled to jail time credit for his pretrial confinement on each of the two offenses for which he was held in custody prior to his transfer to WCI: two hundred eighty days for the aggravated robbery offense in addition to two hundred sixty-eight days for the escape offense, for a total of five hundred forty-eight days jail time credit. Plaintiff argues he had been credited with five hundred forty-eight days of jail time credit until prison records supervisor Walker-Williams erroneously "took away" two hundred sixty-eight days of credit given by the sentencing judge, resulting in his consideration for parole being postponed from June 2002 to March 2003.
Pursuant to Crim.R. 32.2(D), the sentencing court is charged with calculating the number of days of jail time credit to which a defendant is entitled and with forwarding this information to the correctional institution. State ex rel. Corder v. Wilson (1991), 68 Ohio App.3d 567,572. Once the correctional institution receives the calculations, pursuant to R.C. 2967.191, the department has the duty, as formerly was the duty of the OAPA, to credit a prisoner with his pretrial confinement. R.C. 2967.191 provides:
 The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced[.]
To the extent plaintiff contends the prison records supervisor was without authority to grant plaintiff the appropriate credit for his jail time served pursuant to the trial court's calculations, plaintiff's argument is without merit. R.C. 2967.191. See State ex rel. Jones v. O'Connor (1999), 84 Ohio St.3d 426, 427 (concluding the duty to grant pretrial confinement credit rests with OAPA, not the sentencing judge); Wilson, supra, at 572 (determining the sentencing court makes the factual determination as to the amount of time served by a prisoner before being sentenced to imprisonment, and OAPA is the body who credits the time served); State v. Heddleston (Sept. 24, 2001), Columbiana App. No. 98 CO 29, unreported (holding the duty to grant pretrial confinement credit now rests with the department of rehabilitation and correction). Moreover, in Walker-Williams' review of plaintiff's parole eligibility date, she did not reduce the number of days Lucas County calculated as the time plaintiff had been held in pretrial confinement for his offenses. Rather, Walker-Williams appropriately determined, in accord with her continuing duty under the statute, how the calculated days should be credited. R.C.2967.191; Jones; Wilson; Heddleston, supra.
According to the Lucas County sheriff's certifications, plaintiff was held in pretrial confinement from August 10, 1991 to May 15, 1992, a period of two hundred eighty days, with plaintiff being held two hundred sixty-eight of those days concurrently for both the aggravated robbery and escape charges. For the remaining twelve days, plaintiff was held in confinement only for the aggravated robbery offense, not the escape offense. The law is clear that plaintiff is entitled to a single credit of two hundred eighty days to be applied to the total sentence for his aggravated robbery and escape convictions; he is not entitled to additional jail time credit for the two hundred sixty-eight duplicative days of confinement, when plaintiff was held in jail on both offenses. State v. Callender (Feb. 4, 1992), Franklin App. No. 91AP-713, unreported; State v. Fincher (Mar. 31, 1998), Franklin App. No. 97APA08-1084, unreported. As noted by this court in Callender:
 Applying standard rules of statutory construction, it is our interpretation of Crim.R. 32.2(D), when read in conjunction with R.C. 2967.191, that a trial court is not required to recognize duplicate or multiple pretrial detention credit. We do not believe that the legislature intended to entitle a defendant held and later sentenced on multiple offenses the right to multiply his single period of pretrial confinement by the number of convictions entered against him. To do so would, in effect, discriminate in favor of the defendant charged with more than one offense over the defendant charged with only one offense.
Although plaintiff attempts to argue he is not requesting multiple credit but is merely requesting enforcement of the sentencing order, plaintiff's argument is unpersuasive. The record does not support plaintiff's contention that the sentencing court gave plaintiff five hundred forty-eight days jail time credit. To arrive at this figure, plaintiff has inappropriately aggregated, or stacked, the calculations of the sentencing court, resulting in impermissible multiple credit for the same days served.
Because plaintiff was not entitled to duplicate credit for days he was held in confinement on both his aggravated robbery and escape offenses, the trial court did not err in finding, pursuant to Walker-Williams' calculations, that plaintiff is entitled to two hundred sixty-eight days jail time credit on one offense and twelve non-duplicate days jail time credit on the other offense, for a total of two hundred eighty days jail time credit to be applied against plaintiff's total sentence. Callender; Fincher, supra. Accordingly, plaintiff's first assignment of error is overruled.
Plaintiff's remaining assignments of error are interrelated, and we address them jointly. Plaintiff does not contend the trial court erroneously utilized 1992 sentencing law in this matter, that being the year plaintiff was sentenced in this case. See R.C. 2967.021(A). Rather, plaintiff contends the trial court misapplied the 1992 sentencing law. Specifically, plaintiff asserts the trial court erred in failing to apply former R.C. 2967.13(F), a subsection of the parole eligibility statute, under which plaintiff maintains he would be eligible for parole after serving a total of ten years on his sentences. Plaintiff argues the trial court's error was premised in part on its erroneous determination that former R.C. 2967.13(F) is applicable only to indefinite sentences and does not apply to definite sentences, such as plaintiff's sentence for escape. Plaintiff further claims the trial court erred in determining that the eligibility period for plaintiff's parole first must be computed separately for plaintiff's sentences for aggravated robbery and escape, and then the two eligibility periods must be aggregated or stacked.
Former R.C. 2967.13(F) provided, in pertinent part, that a prisoner "becomes eligible for parole after serving a term of ten full years' imprisonment" if that prisoner is "serving a minimum term or terms, whether consecutive or otherwise, of imprisonment longer than fifteen years." In Yonkings v. Wilkinson (1999), 86 Ohio St.3d 225, the Ohio Supreme Court examined various statutory provisions in R.C. Chapter 2967, the chapter regarding parole, pardon and probation that includes the statutory provision at issue. The Ohio Supreme Court concluded the term "minimum" as used in the statutory provisions in R.C. Chapter 2967 was meant to apply only to an indefinite sentence, a sentence that has both a minimum and a maximum range for the term of imprisonment. The court also held such statutory provisions in R.C. Chapter 2967 do not apply to a "definite" sentence, a sentence with "a specific number of years of imprisonment rather than a range defined by minimum and maximum terms." Id. at 227.
Applying the rationale of Yonkings to former R.C. 2967.13(F), we agree with the trial court that because the statute by its terms applies only to sentences that have a "minimum term," former R.C. 2967.13(F) applies only to indefinite sentences. Accordingly, plaintiff's eighteen-month sentence for the escape offense, a "definite" sentence having a specific number of years, is outside the ambit of the statute. Id. See, also, McMeans v. Ohio Adult Parole Auth. (Oct. 27, 1998), Franklin App. No. 98AP-42, unreported (concluding the absence of a stated minimum term took a sentence outside the ambit of an analogous sentencing provision that put a "cap" on multiple minimum terms). Because plaintiff's "indefinite" sentence for the aggravated robbery offense has a minimum term of fifteen years and a maximum term of twenty-five years of imprisonment, that sentence is also outside the terms of the statute: the fifteen-year minimum sentence is not "longer" than fifteen years, as expressly required by former R.C. 2967.13(F).
Because former R.C. 2967.13(F) does not apply to plaintiff's sentences for escape and aggravated robbery, we apply the statute regarding multiple sentences, R.C. 2929.41, together with other related provisions, to determine the amount of time plaintiff must serve before he will be considered for parole. For a case such as this, where consecutive sentences are imposed, former R.C. 2929.41(C)(2) provides, in pertinent part, that "the minimum term to be served is the aggregate of the consecutive minimum terms imposed reduced by the time already served on any such minimum term ***." For each term imposed, plaintiff is entitled under former R.C. 2967.19 "to a deduction [for "good time" credit] from his minimum or definite sentence of thirty per cent of the sentence," conditioned on plaintiff's observance of the institutional rules during his incarceration. Then, as provided in former R.C. 2929.41(C)(2), plaintiff is also entitled to credit for pretrial confinement, as determined under R.C. 2967.191. Although plaintiff argues he is entitled to a further credit under former R.C. 2967.193(A)(1)(a) for his assignment as a program aid to a prison music association, we agree with the trial court that plaintiff has not established his entitlement to a further credit or reduction under former R.C. 2967.193(A)(1)(a), which allows credit for productive participation in an academic or vocational education program.
Here, plaintiff's definite sentence of eighteen months for the escape offense was to run consecutively to an indefinite sentence of fifteen to twenty-five years for the aggravated robbery offense. When the "good time" provision of former R.C. 2967.19 is applied to each sentence, plaintiff's eighteen-month sentence for escape is reduced to twelve months, nineteen days, and plaintiff's fifteen-year minimum sentence for aggravated robbery is reduced to ten years, six months. Aggregating these minimums for the two sentences pursuant to former R.C. 2929.41(C)(2), as reduced by the "good time" credits, results in an aggregate minimum term to be served of eleven years, one hundred ninety-nine days. From that amount, the two hundred eighty days of pretrial confinement is subtracted pursuant to R.C. 2967.191, for a net minimum prison term to be served of ten years, two hundred eighty-four days before plaintiff may be considered for parole on his escape and aggravated robbery offenses. Thus, with plaintiff having been admitted to the Ohio penal system on May 15, 1992, the department correctly determined that, based on the escape and aggravated robbery offenses and without consideration of plaintiff's alleged parole violation offense, plaintiff is eligible for parole on February 24, 2003, ten years, two hundred eighty-four days after his admission to the department, conditioned on his observance during that time of the institutional rules.
Plaintiff, however, contends the trial court erroneously limited its analysis to plaintiff's sentences for aggravated robbery and escape, and failed to consider plaintiff's indefinite sentence for parole violation, in determining whether former R.C. 2967.13(F) applies and in determining the date when plaintiff is eligible for parole. Plaintiff states, and the record shows that, although an affidavit the OAPA submitted to the trial court did not include his parole violation as one of the sentences plaintiff is ordered to serve, plaintiff submitted an affidavit averring he is serving a seventeen and one-half to forty-five-year sentence for parole violation consecutive to his other sentences. Indeed, OAPA acknowledges in its brief on appeal that plaintiff's sentences for escape and aggravated robbery run consecutively to a parole violation offense. Plaintiff asserts the trial court thus was precluded from granting summary judgment where an issue of material fact was raised regarding the number and types of sentences plaintiff is serving, contending all affect plaintiff's parole eligibility date.
Summary judgment is proper only when the parties moving for summary judgment demonstrate: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, with the non-moving party being entitled to have the evidence construed most strongly in its favor. Civ.R. 56(C); State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183. Appellate review of summary judgment motions is de novo. Motorists Mut. Ins. Co. v. Natl. Dairy Herd Improvement Assn., Inc. (2001), 141 Ohio App.3d 269,275.
Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The moving party, however, cannot discharge its initial burden under this rule with a conclusory assertion that the non-moving party has no evidence to prove its case; the moving party must specifically point to evidence of a type listed in Civ.R. 56(C), affirmatively demonstrating that the non-moving party has no evidence to support the non-moving party's claims. Id.; Vahila v. Hall (1997), 77 Ohio St.3d 421. Once the moving party discharges its initial burden, summary judgment is appropriate if the non-moving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. Dresher, supra, at 293; Vahila, supra, at 430; Civ.R. 56(E). See, also, Castrataro v. Urban (Mar. 7, 2000), Franklin App. No. 99AP-219, unreported.
Because plaintiff appears to have appropriately noted an issue of material fact regarding the existence of a sentence for parole violation that was raised in the trial court, but the trial court has not addressed, we reverse in part the trial court's judgment granting summary judgment to the OAPA and remand for the trial court's determination of: (1) whether plaintiff is serving a sentence for parole violation in addition to the other sentences he is serving for escape and aggravated robbery, and (2) the effect such a sentence would have on plaintiff's eligibility for parole.
Although plaintiff additionally claims other issues of material fact existed and precluded the trial court from granting summary judgment, the issues plaintiff raised are legal issues, not factual issues, and the trial court appropriately decided them. Plaintiff's second, third, and fourth assignments of error are sustained to the extent indicated.
Accordingly, having overruled plaintiff's first assignment of error, sustaining his second, third, and fourth assignments of error to the extent indicated, the judgment of the trial court is affirmed in part and reversed in part, and this case is remanded for further proceedings consistent with this court's opinion.
Judgment affirmed in part and reversed in part; case remanded.
LAZARUS and PETREE, JJ., concur.