DECISION
{¶ 1} Appellant, Milton Cotton, appeals from a judgment of the Franklin County Court of Common Pleas that granted summary judgment in favor of appellee, the Ohio Department of Rehabilitation and Correction, and overruled appellant's motion for summary judgment, finding that appellant's sentence was correctly calculated.
 {¶ 2} Appellant sets forth the following assignments of error:
1. The decision of the common pleas court to refuse to declare that plainitff is entitled to have his consecutive minimum sentencing term of fifteen years is contrary to law and contrary to the evidence.
2. The court erred in not giving preclusive effect in the judgment of the court of appeals.
3. The court committed prejudicial error in not granting summary judgment to the appellant.
 {¶ 3} Appellant's assignments of error are related and will be addressed together.
 {¶ 4} Appellant is currently incarcerated in the Richland Correctional Institution serving numerous sentences resulting from numerous convictions in 1991 and 1992 in Cuyahoga County. In addition to a number of indefinite sentences, appellant was sentenced to two four-year definite sentences for various auto title law violations, and sentenced to three years based on a gun specification.
 {¶ 5} In 2002, appellant filed a complaint in declaratory judgment requesting that the court declare his total aggregate minimum sentence to be 15 years, pursuant to former R.C.2929.41(E)(2), plus the three-year actual sentence for the gun specification. Both parties filed motions for summary judgment. The trial court found that former R.C. 2929.41(E)(2) only applied to the indefinite portion of appellant's sentence and that, based on the affidavit of Nell Hatfield, the records management supervisor at Richland Correctional Institution, attached to appellee's motion for summary judgment, his sentence was properly calculated. The court granted summary judgment in favor of appellee and overruled appellant's motion for summary judgment.
 {¶ 6} In his assignments of error, appellant argues that former R.C. 2929.41(E)(2) applies to the definite as well as the indefinite portion of his sentence pursuant to State v. Mora
(Mar. 6, 1991), Wayne App. No. 2579, and, pursuant to Mora, his minimum sentence is 15 years. Appellant also argues that the trial court erred in relying on Yonkings v. Wilkinson (1999),86 Ohio St.3d 225, as that resulted in an ex post facto application of the court's decision.
 {¶ 7} Summary judgment is proper if there are no genuine issues of fact and the moving party is entitled to judgment as a matter of law. It is a procedural device designed to terminate litigation at an early stage where a resolution of factual disputes is unnecessary. However, it must be awarded with caution, resolving all doubts and construing the evidence against the moving party, and granted only when it appears from the evidentiary material that reasonable minds can only reach a conclusion adverse to the party opposing the motion. See Norrisv. Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1; Harless v. WillisDay Warehousing Co. (1978), 54 Ohio St.2d 64; and Ohio BusSales, Inc. v. Toledo Bd. of Edn. (1992), 82 Ohio App.3d 1. InDresher v. Burt (1996), 75 Ohio St.3d 280, the Ohio Supreme Court stated that the moving party, on the ground the non-moving party cannot prove its case, has the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the non-moving party's claim. Once the moving party satisfies this initial burden, the non-moving party has the reciprocal burden to set forth specific facts showing there is a genuine issue for trial.
 {¶ 8} Appellate review of summary judgment is de novo and, as such, we stand in the shoes of the trial court and conduct an independent review of the record. Koos v. Central Ohio Cellular,Inc. (1994), 94 Ohio App.3d 579.
 {¶ 9} Former R.C. 2929.14(E)(2) provides, in part:
(E) Consecutive terms of imprisonment imposed shall not exceed:
* * *
(2) An aggregate minimum term of fifteen years, plus the sum of all three-year terms of actual incarceration imposed pursuant to section 2929.71 of the Revised Code and the sum of all six-year terms of actual incarceration imposed pursuant to section 2929.72
of the Revised Code, when the consecutive terms imposed are for felonies other than aggravated murder or murder[.]
 {¶ 10} In Yonkings, the Ohio Supreme Court held that R.C.2929.14(E)(2) only applied to indefinite sentences and that the 15 year cap had no application to a definite sentence. Thus, appellant's reliance on Mora is misplaced as the holding in that case was specifically rejected in Yonkings. Likewise, appellant's argument that applying Yonkings to him violated Section 28, Article II, to the Ohio Constitution that prohibits ex post facto laws is without merit. The Ohio Supreme Court's interpretation of R.C. 2929.14(E)(2) in Yonkings is an interpretation of what the law is and has been since the statute's enactment. Sanders v. McMackin (1992), 786 F. Supp. 672.
 {¶ 11} Thus, appellee correctly calculated appellant's sentence and determined he must serve his two four-year definite sentences, then his three-year actual sentence for the gun specification, and then begin serving his indefinite sentence. Appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Klatt and Deshler, JJ., concur.
DESHLER, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.