[Cite as *Fuller v. Mohr*, 2012-Ohio-4828.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98477**

## MICHAEL FULLER

PLAINTIFF-APPELLANT

vs.

## GARY C. MOHR, DIRECTOR OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-768245

**BEFORE:** S. Gallagher, J., Stewart, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** October 18, 2012

**FOR APPELLANT**

Michael Fuller, pro se
Inmate No. 257-390
Grafton Correctional Institution
2500 South Avon Belden Road
Grafton, OH   44044


**ATTORNEYS FOR APPELLEE**

Michael DeWine
Ohio Attorney General

By: Caitlyn Nestleroth
Assistant Attorney General
Criminal Justice Section, Corrections Unit
150 East Gay Street, 16th Floor
Columbus, OH   43215

SEAN C. GALLAGHER, J.:

{¶1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

{¶2} Appellant, Michael Fuller, appeals the judgment of the Cuyahoga County Court of Common Pleas that denied his motion for summary judgment, granted the cross-motion for summary judgment of appellee, Gary C. Mohr, Director of the Ohio Department of Rehabilitation and Correction, and dismissed the action on the grounds of res judicata. Upon our independent review of the record, we find no merit to this appeal and affirm the decision of the trial court.

{¶3} Fuller is an inmate at the Grafton Correctional Institution. Fuller was sentenced on multiple felony convictions in 1992 to an aggregate indefinite sentence of 25 to 75 years. Though Fuller references only the foregoing sentence, Fuller was also sentenced on multiple felony convictions in 1990 to an aggregate indefinite sentence of 5 to 25 years.

{¶4} On November 2, 2011, Fuller filed a complaint for declaratory judgment seeking an interpretation of former R.C. 2929.41(E)(2) and a determination of its constitutionality. Former R.C. 2929.41(E)(2) provided that consecutive terms of imprisonment shall not exceed, "[a]n aggregate minimum term of fifteen years * * * when the consecutive terms imposed are for felonies other than aggravated murder or

murder[.]" Because of his interpretation of the statute, Fuller sought to limit his sentence to 15 years.

**{¶5}** Fuller filed a motion for summary judgment, and Mohr filed a cross-motion for summary judgment. The trial court denied Fuller's motion, granted the cross-motion, and dismissed the action. After an initial appeal was dismissed for a lack of a final appealable order, the trial court clarified its ruling. The trial court found that the action is barred by res judicata because Fuller previously filed an action involving the same claims and the same parties that was decided in the Franklin County Court of Common Pleas and affirmed on appeal by the Tenth District Court of Appeals. *See Fuller v. Collins*, Franklin C.P. No. 09CVH03-3395 (Mar. 16, 2010); *Fuller v. Moore*, 10th Dist. No. 10AP-297, 2010-Ohio-5444.[1]

**{¶6}** Fuller has appealed the decision of the trial court. Under his two assignments of error, Fuller argues that the trial court erred in denying his motion for summary judgment and in granting Mohr's cross-motion for summary judgment. We find the assignments of error are without merit.

**{¶7}** Fuller argues that the terms of former R.C. 2929.41(E)(2) are self-executing and automatically limit the maximum aggregate minimum term he must serve.[2] He

---

[1] Ernie Moore replaced Terry Collins as the Director of the Ohio Department of Rehabilitation and Correction. Gary C. Mohr is the current director. When a public officer is a party to an action in his official capacity, his successor is automatically substituted as the proper party pursuant to Civ.R. 25(D)(1).

[2] *See State v. White*, 18 Ohio St.3d 340, 342, 481 N.E.2d 596 (1985).

asserts that his consecutive, indefinite sentence should be limited to 15 years based on his interpretation of the former statute and the decision of the Supreme Court of Ohio in *Yonkings v. Wilkinson*, 86 Ohio St.3d 225, 226-228, 1999-Ohio-98, 714 N.E.2d 394.[3] As the trial court recognized, Fuller's arguments were previously decided in a Franklin County action. Yet, Fuller fails to address the application of res judicata to this case.

{¶8} The doctrine of res judicata provides that "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 1995-Ohio-331, 653 N.E.2d 226 (1995). With regard to a previous declaratory judgment, res judicata precludes only claims that were actually decided. *State ex rel. Trafalgar Corp. v. Miami Cty. Bd. of Commrs.*, 104 Ohio St.3d 350, 2004-Ohio-6406, 819 N.E.2d 1040, ¶ 22.

{¶9} In support of the cross-motion for summary judgment, Mohr filed evidence reflecting that the same claims, involving the same parties, were decided in a prior action. On March 6, 2009, Fuller filed a nearly identical declaratory judgment action against Terry Collins, then Director of the Ohio Department of Rehabilitation and Correction. *See Fuller*, Franklin C.P. No. 09CVH03-3395. In deciding the action against Fuller, the Franklin County Court of Common Pleas recognized that the aggregate minimum sentence was capped at 15 years, but found Fuller's contention that he should be released

---

[3] In *Yonkings*, the court held that the 15-year limitation of former R.C. 2929.41(E)(2) applies only to the aggregate minimum term of indefinite sentences and does not apply to definite sentences. *Id.* at 226-228.

after 15 years to be without merit. *Id.* at 3. The court found that an inmate does not become entitled to release at the end of the aggregate minimum sentence; rather, he becomes eligible for parole at that time. *Id.* The court further recognized that Fuller was eligible for parole, but parole was denied and that the decision to grant parole lies within the discretion of the parole board. *Id.*

{¶10} The Tenth District Court of Appeals affirmed the decision. *Fuller*, 10th Dist. No. 10AP-297, 2010-Ohio-5444. The court held as follows:

> In *Yonkings*, [86 Ohio St.3d 225, 1999-Ohio-98, 714 N.E.2d 394,] the Supreme Court of Ohio held that former R.C. 2929.41(E)(2) only applied to indefinite sentences and that the 15-year cap had no application to a definite sentence. Appellant misconstrues the *Yonkings* holding to mean that an inmate serving consecutive indefinite sentences must be released after serving the 15-year aggregate minimum term. Appellant's interpretation is unreasonable and absurd, as it would result in the automatic release of all defendants at 15 years regardless of the number or severity of their crimes.
>
> As noted above, the aggregate minimum sentence for appellant's felonies was capped at 15 years. At that point, appellant became eligible for parole. However, he was denied parole. As noted by the trial court, the decision to grant or deny parole is within the exclusive discretion of the Ohio Parole Board, and an inmate who is denied parole is not deprived of liberty unless state law mandates parole. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490, 1994-Ohio-39, 633 N.E.2d 1128.

*Fuller*, 10th Dist. No. 10AP-297, 2010-Ohio-5444, at ¶ 11-12, *discretionary appeal not allowed by Fuller v. Moore*, 128 Ohio St.3d 1413, 2011-Ohio-828, 942 N.E.2d 385; *cert. denied by Fuller v. Mohr*, 132 S.Ct. 293, 181 L.Ed.2d 177.

**{¶11}** Because Fuller is attempting to pursue the same claims against the same party as were raised and decided in the Franklin County action, we find this action is barred by the doctrine of res judicata.

**{¶12}** Accordingly, the trial court did not err in denying Fuller's motion for summary judgment, granting Mohr's cross-motion for summary judgment, and dismissing the action.   Therefore, we overrule the assigned errors.[4]

**{¶13}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MELODY J. STEWART, P.J., and
EILEEN A. GALLAGHER, J., CONCUR

---

[4]   We need not address the remaining arguments presented by appellee.