[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Stokes v. Dept. of Rehab. & Corr.*, Slip Opinion No. 2023-Ohio-4201.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-4201

THE STATE EX REL. STOKES, APPELLANT, *v*. DEPARTMENT OF REHABILITATION AND CORRECTION ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Stokes v. Dept. of Rehab. & Corr.*, Slip Opinion No. 2023-Ohio-4201.]

*Mandamus—Court of appeals did not err in dismissing inmate's mandamus action, because his minimum sentence was correctly calculated—Court of appeals' judgment affirmed.*

(No. 2023-0402—September 26, 2023—Decided November 29, 2023.)

APPEAL from the Court of Appeals for Franklin County,

No. 21AP-482, 2023-Ohio-468.

_____

**Per Curiam.**

{¶ 1} Appellant, Patrick O. Stokes, appeals the judgment of the Tenth District Court of Appeals dismissing his petition for a writ of mandamus. Stokes was sentenced in 1996 to three life sentences and two sentences of 10 to 25 years,

all to be served consecutively. Appellees, the Ohio Department of Rehabilitation and Correction and the Bureau of Sentence Computation (collectively, "DRC"), calculated Stokes's aggregate sentence to be 45 years to life. In 2021, Stokes filed a mandamus action in the Tenth District, arguing that DRC improperly calculated his minimum sentence by adding three 10-year minimum sentences associated with his life sentences. Stokes sought mandamus relief to compel DRC to calculate his minimum sentence to be 15 years. The Tenth District granted DRC's motion to dismiss, holding that DRC's calculation of Stokes's minimum sentence was correct. We affirm.

## FACTS AND PROCEDURAL HISTORY

{¶ 2} In 1996, Stokes was convicted on three counts of rape, one count of kidnapping, and one count of aggravated robbery. At the time, R.C. 2907.02(B) mandated a life sentence when a rape victim was less than 13 years old. *See* Former R.C. 2907.02(B), Sub.S.B. No. 31, 145 Ohio Laws, Part I, 342, 345. Stokes was sentenced to life on each count of rape, with the sentences to be served consecutively. Stokes was sentenced to 10 to 25 years for each of the kidnapping and aggravated-robbery convictions, with those sentences to be served consecutively to each other and to the three life sentences. DRC determined that Stokes would become eligible for parole after serving 45 years—10 years for each of the three rape convictions and 15 years for the other convictions.

{¶ 3} In 2019, before filing his mandamus action in the Tenth District, Stokes filed a declaratory-judgment action in the Cuyahoga County Court of Common Pleas, which dismissed his petition for failure to state a claim. Stokes appealed the common pleas court's dismissal to the Eighth District Court of Appeals, arguing, as he does here, that DRC's calculation of his 45-year minimum aggregate sentence was incorrect. *Stokes v. Ohio Dept. of Rehab. & Corr.*, 8th Dist. Cuyahoga No. 109569, 2021-Ohio-316, ¶ 3. The Eighth District affirmed the trial court's dismissal and held that Stokes's arguments were better suited for " 'post-

conviction petitions, habeas corpus, and motions to vacate,' " *id.* at ¶ 7, quoting *Lingo v. State*, 138 Ohio St.3d 427, 2014-Ohio-1052, 7 N.E.3d 1188, ¶ 44, rather than a declaratory judgment, *id.* at ¶ 7-8.

{¶ 4} In 2021, Stokes filed a petition for a writ of mandamus in the Tenth District, requesting that the court of appeals compel DRC to "correctly" compute the length of his minimum sentence. Asserting that he is an "old law" inmate, which he defined in his petition as an incarcerated person who was "sentenced for crimes committed prior to July 1, 1996," Stokes claimed that DRC miscalculated his minimum sentence. Stokes alleged that he has a right to an accurately calculated minimum sentence and DRC has a duty to impose a correct minimum sentence. Citing R.C. 2907.02(B), Stokes argued that because the only available sentence for the rape offenses was life in prison, he is not subject to a minimum sentence for those convictions. Stokes claimed that DRC had "modified" his sentences by adding three 10-year minimum sentences for each of his rape convictions, which incorrectly increased his minimum sentence by 30 years.

{¶ 5} DRC moved to dismiss Stokes's petition under Civ.R. 12(B)(6), asserting that they had accurately calculated Stokes's multiple sentences. Citing Ohio Adm.Code 5120-2-10(H)(1), DRC argued that an inmate convicted of rape committed against a victim under the age of thirteen prior to July 1, 1996, "[b]ecomes eligible for parole consideration after serving ten full years."

{¶ 6} The Tenth District dismissed Stokes's petition, holding that DRC had not "modified" Stokes's sentence, 10th Dist. Franklin No. 21AP-482, 2023-Ohio-468, ¶ 20, and finding that the absence of a minimum term in his rape sentences meant that they were not indefinite sentences and therefore fell outside the sentencing caps of R.C. 2929.41, *id.* at ¶ 13-16, citing *Pollock v. Ohio Adult Parole Auth.*, 10th Dist. Franklin No. 01AP-839, 2002-Ohio-1319, and *McMeans v. State Adult Parole Auth.*, 10th Dist. Franklin No. 98AP-42, 1998 Ohio App. LEXIS 5331 (Oct. 27, 1998).

**ANALYSIS**

**{¶ 7}** The Tenth District's judgment dismissing Stokes's petition was correct. DRC accurately calculated his parole-eligibility date and correctly applied the sentencing statutes and Administrative Code provisions that were in effect at the time of his conviction.

**{¶ 8}** To dismiss a claim under Civ.R. 12(B)(6), it must appear beyond doubt from the petition that the relator can prove no set of facts warranting relief, after all factual allegations are presumed true and all reasonable inferences are made in his favor. *State ex rel. Natl. Elec. Contrs. Assn., Ohio Conference v. Ohio Bur. of Emp. Servs.*, 83 Ohio St.3d 179, 181, 699 N.E.2d 64 (1998). This court reviews de novo the court of appeals' dismissal of Stokes's petition. *State ex rel. Brown v. Nusbaum*, 152 Ohio St.3d 284, 2017-Ohio-9141, 95 N.E.3d 365, ¶ 10.

**{¶ 9}** To state a claim for a writ of mandamus, a relator must allege facts showing (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Love v. O'Donnell*, 150 Ohio St.3d 378, 2017-Ohio-5659, 81 N.E.3d 1250, ¶ 3.

**{¶ 10}** The Tenth District's decision is consistent with prior decisions concerning the differentiation between indefinite sentences and life sentences and how that distinction affects an inmate's parole eligibility. Stokes was convicted in October 1996, for crimes committed in April 1996. *See State v. Stokes*, 8th Dist. Cuyahoga No. 71654, 1997 Ohio App. LEXIS 5530, at *1 (Dec. 11, 1997). Stokes therefore was subject to the criminal laws and sentences that existed prior to July 1, 1996. *See* R.C. 2967.021(A). At the time of Stokes's offenses, R.C. 2929.41(E)(2) stated, "Consecutive terms of imprisonment imposed shall not exceed: * * * (2) An aggregate minimum term of fifteen years * * * when the consecutive terms imposed are for felonies other than aggravated murder or murder." Former R.C. 2929.41(E)(2), Am.Sub.H.B. No. 571, 145 Ohio Laws, Part

IV, 6341, 6397. Similarly, at that time, R.C. 2967.13(F) read, "A prisoner serving a sentence of imprisonment for life for * * * rape or felonious sexual penetration * * * becomes eligible for parole after serving a term of ten full years' imprisonment." Former R.C. 2967.13(F), Am.Sub.H.B. No. 571, 145 Ohio Laws, Part IV, at 6430.

{¶ 11} Courts have held that a life sentence under R.C. 2907.03 is a definite sentence, regardless of the inmate's potential for parole under R.C. 2967.13(F). *See McMeans*, 10th Dist. Franklin No. 98AP-42, 1998 Ohio App. LEXIS 5331, at *8-9 ("the absence of a stated minimum term in the present matter takes the sentence outside the ambit of R.C. 2929.41(E). * * * [The ten-year minimum of R.C. 2967.13(F)] is determined directly under the statutory provisions governing parole, rather than under the general sentencing statutes of R.C. 2929.01 et seq."); *see also McCleskey v. Adult Parole Auth.*, 2d Dist. Montgomery No. 19037, 2002-Ohio-2699, ¶ 10 ("[t]his specific language [of R.C. 2907.02(B)] is to be construed as an exception to the general language of R.C. 2929.41(E). * * * [McClesky] is not entitled under R.C. 2929.41(E) to be eligible for parole after serving fifteen years of his sentence").

{¶ 12} These decisions are consistent with this court's holding in *Yonkings v. Wilkinson*, 86 Ohio St.3d 225, 714 N.E.2d 394 (1999), that R.C. 2929.41(E)(2) applies only to indefinite sentences. "Nowhere throughout this statutory framework is a definite term referred to in such terminology. When former R.C. 2929.41(E)(2) is read in pari materia with [other sentencing statutes], it becomes obvious that the cap on aggregate minimum terms was meant to apply only to indefinite sentences." *Yonkings* at 228. In its analysis, this court also noted that "[a] 'definite' sentence is just what its name implies: a specific number of years of imprisonment rather than a range defined by minimum and maximum terms. Referring to a minimum or maximum term of imprisonment makes sense only when speaking of an indefinite sentence." *Id*. at 227. *See also State v. Bowers*, 163 Ohio

St.3d 28, 2020-Ohio-5167, 167 N.E.3d 947, ¶ 3 (referring to a life-without-parole sentence under R.C. 2907.02(B) as a "definite sentence").

{¶ 13} Along the same lines, the courts in *McMeans* and *McCleskey* found no issues with calculating parole eligibility by taking the number of consecutive life sentences an inmate is serving for rape and multiplying that number by ten years, in accordance with R.C. 2967.13(F). *McMeans* at *6 ("the ten year minimum under R.C. 2967.13(F) would be aggregated, given [McMeans's] sentence of three consecutive life terms, to arrive at a thirty year minimum imprisonment before eligibility for parole * * *"); *McCleskey* at ¶ 15 ("McCleskey will have to serve ten years on each of his six consecutive life sentences, or sixty years, in addition to the minimum requirements on his other sentences, before he will be eligible for parole consideration"); *see also Schrock v. Ohio Adult Parole Auth.*, 10th Dist. Franklin No. 05AP-82, 2005-Ohio-3938, ¶ 11 (finding that Schrock would be parole eligible after serving 220 years for 22 rape convictions, in addition to serving other definite and indefinite sentences).

{¶ 14} Because the Tenth District's decision that DRC correctly calculated Stokes's parole eligibility under R.C. 2967.13(F) is in line with this court's holding on definite versus indefinite sentences, dismissal of Stokes's petition was warranted.

## CONCLUSION

{¶ 15} We affirm the Tenth District Court of Appeals' dismissal of Stoke's mandamus petition.

Judgment affirmed.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

_____

Patrick O. Stokes, pro se.

Dave Yost, Attorney General, and George Horváth, Assistant Attorney

General, for appellees.

_____